Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Marisol C. Mork (State Bar # 265170)
marisol.mork@squirepb.com
Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

Attorneys for Defendant
INVERIS TRAINING SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWAY WEAPONS & GEAR, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>INVERIS TRAINING SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 3:21-cv-01376-MMA-LL<br><br>*Hon. Michael M. Anello*<br><br>**REQUEST FOR JUDICIAL NOTICE BY DEFENDANT INVERIS TRAINING SOLUTIONS, INC.**<br><br>Date:   September 13, 2021<br>Time:  2:30 p.m.<br>Dept:   3D<br><br>Trial Date:  None Set |

Defendant InVeris Training Solutions, Inc. ("InVeris"), by and through its attorneys, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following:

1.  Standard Terms & Conditions (MTSI-DOM-001-Rev1-01.26-12), a true and accurate copy of which is attached hereto as Exhibit "1."

A court may take judicial notice of material incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990).

Judicial notice is proper if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (stating that documents may be judicially noticed under the incorporation by reference doctrine); *Stewart v. Kodiak Cakes, LLC*, No. 19-cv-2454-MMA (MSB), 2021 U.S. Dist. LEXIS 82267, at *6 (S.D. Cal. Apr. 28, 2021) ("[A] court may take judicial notice of matters of . . . 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'") (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

In this case, judicial notice is appropriate because the Agreement upon which the claims rely specifically references and incorporates the Standard Terms and Conditions. The Agreement is thus incomplete without this document, which is incorporated by reference. *See Knievel*, 393 F.3d at 1076; *Rubio v. U.S. Bank N.A.*, No. C 13-05752 LB, 2014 U.S. Dist. LEXIS 45677, at *13 (N.D. Cal. Apr. 1, 2014) (a "defendant can attach to a motion to dismiss documents referenced in the complaint in order to refute the plaintiff's claims, and the court may consider them"). Moreover, the authenticity of these documents is "not subject to reasonable dispute."

Fed. R. Evid. 201(b). Thus, the Court should take judicial notice of Exhibit 1. *See Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of exhibits which included reports and news articles which were cited, quoted from, and/or referenced in the complaint).

Dated: August 6, 2021                                  Squire Patton Boggs (US) LLP

By: */s/ Marisol Mork*
      Adam Fox
      Marisol Mork
      Hannah Makinde
Attorneys for Defendant
INVERIS TRAINING SOLUTIONS, INC.